# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOSHUA LENZ, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-13-1026-C |
| (1) THE TOWN OF CARNEY, ) | |
| OKLAHOMA, an Oklahoma ) | **ATTORNEY'S LIEN CLAIMED** |
| Municipality, ) | |
| (2) CARNEY, OKLAHOMA POLICE ) | |
| DEPARTMENT, ) | |
| (3) OKLAHOMA STATE BUREAU ) | |
| OF INVESTIGATION, A STATE ) | |
| AGENCY, ) | |
| (4) JEREMY GIBBS, an individual, ) | |
| (5) JEREMY McGILL, an individual, ) | |
| (6) DAVA SAVAGE, an individual, and ) | |
| (7) MICHAEL DEAN, an individual. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The plaintiff, Joshua Lenz (hereafter referred to as "**Plaintiff**" or "**Mr. Lenz**"), for his claims against the Defendants, the Town of Carney, Oklahoma, an Oklahoma Municipality, Carney, Oklahoma Police Department, Oklahoma State Bureau of Investigation, a State Agency, Jeremy Gibbs, an individual, Jeremy McGill, an individual, Dava Savage, an individual, and Michael Dean, an individual (collectively referred to as "**Defendants**"), alleges and states as follows:

## I.
## PARTIES

1. Plaintiff resides in Chandler, Lincoln County, Oklahoma.

2. The Town of Carney, Oklahoma (sometimes referred to as "**Carney**"), is an Oklahoma Municipality located in Lincoln County, Oklahoma.

3. Upon information and belief, the Carney, Oklahoma Police Department (sometimes referred to as "**Carney PD**") is an agency of the Town of Carney, Oklahoma, and operates in Carney, Lincoln County, Oklahoma.

4. The Oklahoma State Bureau of Instigation ("**OSBI**") is an agency of the State of Oklahoma with its principle headquarters in Oklahoma City, Oklahoma County, Oklahoma.

5. Upon information and belief, Jeremy Gibbs, (sometimes referred to as "**Mr. Gibbs**") is an individual who resides in Lincoln County, Oklahoma and is a police officer employed by the Town of Carney, Oklahoma and/or the Carney, Oklahoma Police Department.

6. Upon information and belief, Jeremy McGill, (sometimes referred to as "**Mr. McGill**") is an individual who resides in Lincoln County, Oklahoma and is a police officer employed by the Town of Carney, Oklahoma and/or the Carney, Oklahoma Police Department.

7. Upon information and belief, Dava Savage, (sometimes referred to as "**Ms. Savage**") is an individual who resides in Lincoln County, Oklahoma and is a police officer employed by the Town of Carney, Oklahoma and/or the Carney, Oklahoma Police Department.

8. Upon information and belief, Michael Dean, (sometimes referred to as "**Mr. Dean**") is an individual who resides in Oklahoma County, Oklahoma and is an Agent with the OSBI.

## II.
## VENUE AND JURISDICTION

9. The claims asserted herein arise from the forcible entry, detainment and interrogation of Plaintiff by Defendants on May 17, 2013, at Plaintiff's home in Lincoln County, Oklahoma. Because the acts forming the basis of this claim occurred in the Western District of Oklahoma, venue is appropriate pursuant to 28 U.S.C. § 1391(b)(c).

10. This Court has jurisdiction over the claims asserted herein because a claim for relief is asserted herein under 42 U.S.C. § 1983. Moreover, pursuant to the requirements of the Oklahoma Governmental Tort Claims Act, OKLA STAT. tit. 51, § 151 *et seq.,* Plaintiff served the Town of Carney, Oklahoma, by and through its City Clerk, the Carney Police Department by and through its Chief of Police, and the Oklahoma State Bureau of Investigation by and through its director, Stan Florence and by and through the Office of Risk Management, with his Notice of Tort Claim ("**Tort Claim**") on June 28, 2013, a copy of which is attached hereto as **Exhibit 1**. On August 26, 2013, a letter was issued to Plaintiff denying his Tort Claim. *See* copy of denial letter, attached as **Exhibit 2**. Pursuant to OKLA. STAT. tit., § 157(B), Plaintiff is now entitled to pursue his state-law claims and civil rights claims against the Defendants by and through this civil action.

## III.
## FACTS RELATING TO ALL CLAIMS FOR RELIEF

11. In April of 2012, Mr. Lenz was hired as the Chief of Police for Carney, Oklahoma when the current Chief of Police, McGill, resigned.

12. During his employment with the Town of Carney, in August of 2012, Mr. Lenz received four complaints that one of the acting town council members, who was also the Vice

President of Carney State Bank, had voted on a mortgage between his bank and the town.  Mr. Lenz was told by the city attorney and the town clerk that if he pursued the investigation or presented charges, he would no longer have a job.  Thereafter, on November 21, 2012, Mr. Lenz resigned his position because he could not in good conscience violate his oath of office.

13.     Mr. Lenz was not allowed to gather his personal belongings or return his equipment until November 30, 2012.  On November 30, 2012, Mr. Lenz traveled to the Carney City Hall and turned over all equipment and items which belonged to the Town of Carney. The City Clerk, Naomi Tricomi, the Mayor Barbara Porter and Vice-Mayor Jack Turner were present at the time and Mr. Turner signed an inventory form which verified that Mr. Lenz turned over his equipment.  In addition, Mr. Lenz turned over his Motorola radio and instructions for opening the safe.  Acting Chief, Patrick Chism, in the presence of all the witnesses, opened the safe and placed Mr. Lenz' radio inside the safe along side an additional Motorola radio that was already located in the safe.

14.     Patrick Chism remained the Chief of Police until February 26, 2013, when McGill was rehired.

15.     Thereafter, on or about May 17, 2013, Gibbs, McGill and Savage (together referred to as "**the Carney Officers**") provided materially false information and/or failed to provide exculpatory information to Dean in order to improperly acquire a search warrant of Mr. Lenz's home. In addition, Dean failed to verify the information contained within his search warrant affidavit.  The Carney Officers and Dean chose to disregard important information in the search warrant affidavit and otherwise provided false information in order to mislead the particular court that issued the search warrant.

16.     Thereafter, on May 17, 2013, the Carney Officers and Dean served and executed the search warrant at the home of Mr. Lenz and questioned Mr. Lenz regarding an alleged stolen Motorola radio.  Mr. Lenz's home was located outside of the jurisdiction of the Carney PD.  Notwithstanding, the Carney Officers and Dean entered onto Mr. Lenz's property without a legal right to be there.

17.     Nothing was found at Mr. Lenz's home.  After the search, however, Dean threatened Mr. Lenz by telling him that he [Dean] knew that Mr. Lenz had the radio and if he did not confess and return the radio, formal charges would be filed.

18.     After the service of the search warrant, the Carney Officers and/or Dean have spread defamatory and untruthful statements about Mr. Lenz which have damaged his reputation and character as an individual and as a police officer and are therefore slander *per se.*

19.     The Carney Officers and/or Dean have abused the judicial process and/or maliciously prosecuted Mr. Lenz in an effort to injure his career in law enforcement.  The conduct of these individuals have caused damages to Mr. Lenz and his ability to continue his profession.  The Carney Officers and/or Dean have acted under color of law and within the scope of their employment and/or have acted intentionally and with malice toward Mr. Lenz.  Thus, the Carney Officers and Dean have committed multiple torts against Mr. Lenz in violation of Oklahoma law.

20.     The actions of the Carney Officers and/or Dean have violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and illegal intrusion into Mr. Lenz's home.  In addition, the conduct of the Carney Officers and/or Dean in knowingly and intentionally, or with reckless disregard for the truth, including false statements and/or omitting

material facts in the affidavit filed in support of the search warrant violates Mr. Lenz's Fourth Amendment rights.

## IV.
## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983)

21. Plaintiff incorporates all prior allegations herein by reference.

22. The conduct described herein constitutes a violation of Plaintiff's rights, as citizens of the United States, under 42 U.S.C. § 1983 to be free from unreasonable search and seizure and to be free from violations of his right to due process of law. Each of the Defendants are responsible and liable for such violations.

23. The Town of Carney, Oklahoma and the Police Department of Carney, Oklahoma are liable to Plaintiff because the Carney Officers' actions were part of a policy or custom of the Town of Carney and/or the Police Department of Carney, Oklahoma in that they failed to properly supervise, train and discipline their officers and Plaintiff was deprived of his constitutionally protected rights as a result.

24. The OSBI is liable to Plaintiff because the actions of Dean are a part of a policy or custom of the OSBI in that it failed to properly supervise, train and discipline its officers and agents and Plaintiff was deprived of his constitutionally protects rights as a result.

25. The Carney Officers and Dean were acting under color of state law when the violation of Plaintiff's rights occurred because they were clothed with either the actual or apparent authority.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and <u>against all the Defendants</u> for an amount that will reasonably compensate Plaintiff for his injuries, punitive damages in an amount to exemplify the Defendants and to deter them and others similarly situated, a reasonable attorney's fee, costs of the action and all other relief to which Plaintiff may be entitled.

**SECOND CLAIM FOR RELIEF**
**(MALICIOUS PROSECUTION)**

26. Plaintiff incorporates all prior allegations herein by reference.

27. The Carney Officers and Dean brought an action against Mr. Lenz without probable cause.

28. The legal action against Mr. Lenz was terminated in Mr. Lenz's favor insofar as the search warrant did not produce any evidence against Mr. Lenz and the investigation did not result in any charges being brought against Mr. Lenz.

29. The Carney Officers and/or Dean maliciously prosecuted Mr. Lenz and acted willfully and with malice.

30. The actions of the Carney Officers and/or Dean have caused damages to Mr. Lenz.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and <u>against the Carney Officers and Dean only</u> for an amount that will reasonably compensate Plaintiff for his injuries, punitive damages in an amount to exemplify the Carney Officers and Dean and to deter them and others similarly situated, a reasonable attorney's fee, costs of the action and all other relief to which Plaintiff may be entitled.

## THIRD CLAIM FOR RELIEF
### (DEFAMATION OF CHARACTER/SLANDER)

31. Plaintiff incorporates all prior allegations herein by reference.

32. As a first alternative, the Town of Carney and the Carney PD and the OSBI are liable for the actions of the Carney Officers and Dean because they were was acting within the scope of their employment when they defamed Plaintiff by spreading untruthful statements regarding Mr. Lenz's fitness to be a police officer and by spreading untruthful statements regarding the false allegations of criminal conduct by Mr. Lenz.

33. As a second alternative, the Carney Officers and Dean are individually liable for their actions because they were acting outside the scope of their employment when they defamed Plaintiff by spreading untruthful statements regarding Mr. Lenz's fitness to be a police officer and by spreading untruthful statements regarding the false allegations of criminal conduct by Mr. Lenz.

34. The matters alleged above constitute the tort of defamation because the Carney Officers and/or Dean published and/or communicated to a third party or parties statements about Plaintiff's professional reputation and alleged criminal activity and the Carney Officers and/or Dean knew or should have known the statements were false.

35. The Carney Officers's and/or Dean's defamatory statements about Plaintiff's professional reputation and alleged criminal activity caused Plaintiff harm.

36. As a direct and proximate result of Defendants' actions, Plaintiff is entitled to all damages allowed by state law.

37.     The Carney Officer's and/or Dean's conduct was willful and deliberate and/or was in reckless disregard for the rights of others, thus entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that in the event this Court determines that the actions of the Carney Officers and/or Dean were willful and intentional and that they were acting outside of their employment when the conduct occurred, that the Court enter judgment in his favor and <u>against the Carney Officers and Dean only</u> for an amount that will reasonably compensate Plaintiff for his injuries, punitive damages in an amount to exemplify the Carney Officers and Dean and to deter them and others similarly situated, a reasonable attorney's fee, costs of the action and all other relief to which Plaintiff may be entitled.  Further, Plaintiff requests that in the event that this Court determines that the actions of the Carney Officers and/or Dean occurred within the scope of their employment, that this Court enter a judgment <u>against all Defendants</u> for an amount that will compensate Plaintiff for his injuries, a reasonable attorney's fee, cost and expenses and all other relief to which Plaintiff may be entitled .

Respectfully submitted,


s/George H. Brown
George Brown, OBA # 18020
Tony Gould, OBA # 18564
Charles T. Battle, OBA #22486
**BROWN & GOULD, PLLC**
136 NW 10th Street, Suite 200
Oklahoma City, OK  73103
Telephone:  (405) 235-4500
Facsimile:   (405) 235-4507
gbrown@browngouldlaw.com
tgould@browngouldlaw.com
cbattle@browngouldlaw.com
**ATTORNEYS FOR PLAINTIFF**