IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA LENZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-13-1026-C |
| | ) | |
| THE TOWN OF CARNEY, OKLAHOMA, | ) | |
| an Oklahoma Municipality; CARNEY, | ) | |
| OKLAHOMA POLICE DEPARTMENT; | ) | |
| JEREMY GIBBS, an individual; JEREMY | ) | |
| McGILL, an individual; DAVA SAVAGE, | ) | |
| an individual; and MICHAEL DEAN, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983 and the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. §§ 151 et seq. ("OGTCA"), seeking damages for alleged wrongdoing by Defendants. Plaintiff pleads the following facts in his First Amended Complaint: Plaintiff was employed by Defendants Town of Carney ("Town") and Carney, Oklahoma, Police Department ("Department"), as the Police Chief. During his tenure as Chief, friction arose between Plaintiff and certain town officials. As a result of the friction, Plaintiff elected to resign his position on November 21, 2012. Plaintiff appeared on November 30, 2012 to return all items belonging to the Town and/or Department, including a Motorola radio. The radio was placed in the Department safe by then acting police chief Chism. Around May 17, 2013, Defendants Gibbs, McGill, Savage ("Officers") and Dean (an OSBI agent) provided materially false information and/or failed to provide exculpatory

information and obtained a search warrant to search Plaintiff's home. The warrant was executed on May 17, 2013, at Plaintiff's home which lies outside the jurisdiction of the Department. The purpose of the search was to obtain Department property Plaintiff had allegedly failed to return, in particular, the Motorola radio Plaintiff had returned to acting chief Chism.

Plaintiff alleges the actions of the Officers and Dean violated his Fourth Amendment rights by improperly obtaining and executing the search warrant. Plaintiff alleges Town and Department ratified this unconstitutional action. Plaintiff brings state law tort claims for defamation of character or slander[1] against the Officers and Dean.

Defendants Town, Department, Gibbs, McGill and Savage have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff's Complaint fails to state a claim for relief. Defendant Dean has filed a separate Rule 12(b)(6) Motion.

Defendants' requests for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) require the Court to examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl.Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the

---

[1] Although Plaintiff refers to this claim as defamation, the statute on which he relies defines slander. Consistent with the terms of the statute, the Court will refer to the tort as slander.

2

pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

1. Qualified Immunity

Defendant Officers and Dean[2] argue they are entitled to qualified immunity from Plaintiff's § 1983 claim. According to Defendant Officers and Dean, Plaintiff's Amended Complaint fails to allege what specific acts in which they personally participated constitute unconstitutional conduct. Officers also argue Plaintiff has failed to specify the existence of a clearly identified constitutional right.

When faced with a motion to dismiss asserting qualified immunity as a defense, a plaintiff must allege sufficient fact to show: (1) the defendant violated a constitutional or statutory right, and (2) the right was clearly established at the time of the defendant's unlawful conduct. Schwartz v. Booker, 702 F.3d 573, 579 (10th Cir. 2012). Plaintiff alleges that Officers' and Dean's provision of materially false information and omission of known exculpatory information in obtaining the search warrant violated his Fourth Amendment rights.

The violation alleged by Plaintiff is clearly established and has been since well before the acts in question here.

---

[2] Defendant Dean is represented by different counsel and has filed a separate Motion to Dismiss. However, the arguments raised therein are essentially the same as those of Officers. Accordingly, the Court will address Dean's arguments in this Order.

> It is a violation of the Fourth Amendment for an arrest warrant affiant to "knowingly, or with reckless disregard for the truth," include false statements in the affidavit, Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978), or to knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause, Stewart v. Donges, 915 F.2d 572, 581-83 (10th Cir. 1990).

Wolford v. Lasater, 78 F.3d 484, 489 (10th Cir. 1996). At the time Officers and Dean drafted the affidavits at issue, the law was clearly established that an officer would violate a plaintiff's Fourth Amendment rights by knowingly or recklessly making a false statement in an affidavit in support of an arrest or search warrant, if the false statement were material to the finding of probable cause. Thus, Plaintiff has identified a clearly established right.

Turning to whether or not that right was violation, Defendant Officers and Dean argue that Plaintiff's Amended Complaint fails to plead with requisite specificity the acts they engaged in that constituted a violation of Plaintiff's constitutional rights. According to Officers and Dean, Plaintiff's Amended Complaint offers nothing more than a general conclusory allegation that they provided false information to obtain a search warrant. This argument attempts to impose far more specificity than required at this stage. As the Supreme Court has stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

4

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). The allegations in Plaintiff's Amended Complaint satisfy this standard. If Plaintiff ultimately proves that false statements and/or material omissions were made in obtaining the search warrant, then he will have proven a Fourth Amendment violation. Officers and Dean are not entitled to qualified immunity. Further, Plaintiff has pleaded sufficient facts to state a § 1983 claim against them. Consequently, Officers' and Dean's Motions to Dismiss will be denied on this point.

2. Defendant Town

Plaintiff's Amended Complaint alleges that Town is liable because it failed to properly supervise, train, and discipline Officers and those failures led to the constitutional violation. Plaintiff also alleges that the actions of Officers in securing the search warrant were part of a policy or custom. Plaintiff develops his position further in his Response to the Motion to Dismiss. According to Plaintiff, the reason he resigned from his position was due to Town officials being upset with an investigation he was pursuing. Plaintiff argues that it is a small step to see that because Town was upset that it directed Officers to procure and execute the improper search warrant. In the alternative, Plaintiff argues that Town's failure to properly supervise, train, or discipline is evident. Plaintiff argues that his pleaded facts demonstrate:

> (a) the Town employs a widespread custom to protect and advance the financial interests of the town council members through the facade of "lawful" police activity, (b) the Town is reckless in its failure to oversee the actions of Carney P.D based upon their assisting in obtaining and executing an illegal search warrant, and (c) the Town has ratified the Officers [sic] behavior as no corrective action has been taken.

5

(Pl.'s Resp. to Mot. to Dismiss, Dkt. No. 29, p. 14.) Plaintiff's allegations are insufficient to state a claim against Town.

> A plaintiff may prove the existence of an official policy or custom in at least five ways: (1) the municipality may be liable for a decision by its properly constituted legislative body; (2) an official policy exists when the municipal board or agency exercises authority delegated to it by a municipal legislative body; (3) actions by those with final decision-making authority for the municipality constitute official policy; (4) the municipality may be liable for a constitutional violation resulting from inadequate training when its failure to train the lawless employee reflects a deliberate indifference to the plaintiff's constitutionally-protected rights; or (5) the municipality's custom caused the constitutional violation.

Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1256-57 (10th Cir. 2007). Plaintiff has not identified a specific policy nor identified a final policymaker. Thus, 1-3 cannot be established. None of the allegations set forth by Plaintiff establish that any failure to train amounted to deliberate indifference. Finally, Plaintiff has not identified the existence of any other similar incidents, so it cannot be said a custom existed. To the extent Plaintiff would argue this is a single-incident case sufficient to establish municipal liability, his claim fails as the allegedly unconstitutional conduct was not taken by a policymaker. See Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996) (explaining that where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued). The § 1983 claims against Defendant Town will be dismissed.

3. Carney Police Department

Plaintiff has named the Carney Police Department as a Defendant. The police department seeks dismissal, arguing it is not a suable entity under § 1983. Plaintiff does not appear to contest this argument. In any event, the Court finds it well supported. Fed. R. Civ. P. 17(b) governs the capacity of a party to be sued in federal court. In pertinent part, that Rule states:

> Capacity to sue or be sued is determined as follows:
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> (2) for a corporation, by the law under which it was organized; and
> (3) for all other parties, by the law of the state where the court is located, . . . .

Thus, the police department's capacity is determined by Oklahoma law. Under Oklahoma law, the Carney Police Department is merely a department of the Town of Carney. See 51 Okla. Stat. § 152(10). Under Oklahoma law, a municipality has the capacity to sue or be sued. See 11 Okla. Stat. § 22-101. Thus, the proper Defendant is the Town, not the police department. The police department will be dismissed.

4. State law claims.

Plaintiff asserts that Officers defamed him. Officers argue that Plaintiff has failed to state a claim for relief because he fails to specify what false statements were made about him. In the alternative, Officers argue they are immune from the slander claims under the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 Okla. Stat. §§ 151 et seq.

Examining the immunity claim first, Officers argue they are immune from Plaintiff's claim because the OGTCA requires that any such claims be brought only against their

7

employer because they were acting in the course and scope of their employment. In response, Plaintiff argues Officers are not entitled to immunity because the allegedly defamatory statements were made outside the scope of employment.

Plaintiff's Amended Complaint alleges that Officers made statements that he was not fit to be a police officer and that he had engaged in criminal conduct. 51 Okla. Stat. § 152(12) defines scope of employment as:

> performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud.

It is the question of good faith that is determinative here. Plaintiff's allegations regarding the statements purportedly made by Officers would establish those statements were not made in good faith. Consequently, the statements were outside the scope of employment. See Winters v. Overton, 1999 OK CIV APP 43, ¶ 5, 982 P.2d 1093, 1094 (noting that if fire official had maliciously, recklessly, and in bad faith made a false statement to a television reporter that plaintiffs spread flammable liquids throughout their home in order to destroy it by fire, then official was not protected from liability by the GTCA because such conduct would not be in good faith within the duties of his employment). The allegations in the Amended Complaint are sufficient to support a claim that Officers' statements were malicious, reckless, and in bad faith. Thus, Officers were not acting within the scope of employment and are not entitled to immunity.

Dean argues that his actions are shielded by the immunity found at 12 Okla. Stat. § 1443.1 because during the time any allegedly defamatory statements were made, he was engaged in an investigation authorized by law. Dean's argument overlooks the second requirement to finding a communication privileged. Section 1443.1 requires the communication to be made "[i]n the proper discharge of an official duty." If Plaintiff proves the allegations in the Amended Complaint, then any communication by Dean will not have occurred in the *proper* discharge of an official duty. Accordingly, Dean is not entitled to dismissal based on the privileged nature of any communication he made.

Officers and Dean also argue that Plaintiff has failed to offer any specific factual allegations or alternatively that any statements they made were mere personal opinion and as such are inactionable. Neither Officers' nor Dean's arguments are supported. While the Amended Complaint does not recite the specific statements allegedly made, it does allege that Officers and Dean made untruthful statements about Plaintiff's fitness as a police officer and that he had engaged in criminal conduct. Statements of these types, if proved to a jury, would satisfy 12 Okla. Stat. § 1442, which states:

> Slander is a false and unprivileged publication, other than libel, which:
>
>> 1. Charges any person with crime, or with having been indicted, convicted or punished for crime.
>> 2. Imputes in him the present existence of an infectious, contagious or loathsome disease.
>> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade or business that has a natural tendency to lessen its profit.

4. Imputes to him impotence or want of chastity; or,
5. Which, by natural consequences, causes actual damage.

Officers' and Dean's Motions to Dismiss the slander claim will be denied.

## CONCLUSION

As set forth more fully herein, the Motion to Dismiss First Amended Complaint by Defendants Town of Carney, Carney Police Department, Jeremy Gibbs, Jeremy McGill and Dava Savage (Dkt. No. 27) is GRANTED in part and DENIED in part. Plaintiff's claims against the Carney Police Department are DISMISSED with prejudice. Plaintiff's claims against Defendant Town of Carney are DISMISSED without prejudice. In all other respects the Motion is DENIED. Defendant Michael Dean's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 28)[3] is DENIED.

IT IS SO ORDERED this 3rd day of February, 2014.

ROBIN J. CAUTHRON
United States District Judge

---

[3] Defendant Dean and OSBI's Motion to Dismiss (Dkt. No. 24) is MOOT as a result of Plaintiff's Amended Complaint (Dkt. No. 26).